FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2020 AUG 20  AM 10: 44

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES OF AMERICA

v.

ERNEST MALONEY PAGE, IV

CASE NO. 3:20-cr-114-J-34 MCR
18 U.S.C. § 371

## INFORMATION

The United States Attorney charges:

### COUNT ONE

#### A. Introduction

At all times material to this Information:

1.  ERNEST MALONEY PAGE, IV ("PAGE") was a criminal defense attorney until March 31, 2019, practicing law in the Middle District of Florida, and elsewhere, and a licensed member of The Florida Bar.

2.  The State Attorney's Office for the Third Judicial Circuit of Florida (hereinafter "The State Attorney's Office") was an agency of the State of Florida, covering counties in the Middle District of Florida, and elsewhere, including Columbia, Dixie, Hamilton, Lafayette, Madison, Suwannee and Taylor Counties. The State Attorney's Office received annual benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan

and other form of Federal assistance.

3. J.S. was a resident of the Middle District of Florida and a high-ranking agent of the State Attorney's Office. In his position, J.S. had the authority to bring, reduce, and dismiss criminal charges for The State Attorney's Office.

4. The Client was a resident of the Middle District of Florida who managed a family-owned tractor dealership in the Middle District of Florida. The Client retained PAGE to represent him after the Client was arrested on two separate occasions and charged by the State Attorney's Office for Driving Under the Influence ("DUI") in Madison County, Florida.

### B. The Conspiracy

5. Beginning in or around July 2017, and continuing through on or about March 12, 2020, in the Middle District of Florida, and elsewhere, the defendant,

**ERNEST MALONEY PAGE, IV,**

did knowingly and willfully combine, conspire, confederate, and agree with J.S. and others, both known and unknown to the United States Attorney, to commit certain offenses against the United States, that is bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(2).

### C. Manner and Means

6. The manner and means by which the conspirators sought to accomplish the purpose of the conspiracy included, among other things:

   a. It was a part of the conspiracy that J.S. would and did use his position as a high-ranking agent of the State Attorney's Office to solicit, accept, and agree to accept bribes in return for the favorable disposition of criminal cases.

   b. It was further part of the conspiracy that J.S. and PAGE would and did discuss and agree that PAGE would provide and promise to provide a bribe from the Client in exchange for J.S. reducing or dismissing the charges brought by the State Attorney's Office against the Client.

   c. It was a further part of the conspiracy that PAGE would and did relay messages from J.S. to Client for the purpose of facilitating a bribe to J.S. in exchange for favorable dispositions of the Client's cases.

   d. It was further part of the conspiracy that the Client would and did provide and promise to provide a bribe to J.S., that is, a tractor, in exchange for the charges brought by the State Attorney's Office against the Client.

   e. It was a further part of the conspiracy that the conspirators would and did perform acts and make statements to hide and conceal, and cause

to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

### D.  Overt Acts

7. In furtherance of the conspiracy and to effect the objects thereof, the conspirators committed and caused to be committed, within the Middle District of Florida and elsewhere, the following overt acts, among others:

    a. In or around July 2017, PAGE told J.S. to visit the Client at the Client's family's tractor dealership because J.S. wanted a new tractor.

    b. In or around September 2017, J.S. sent his wife to the Client's tractor dealership to obtain an estimate for the purchase of a tractor and accessories.

    c. In or around September 2017, J.S. told PAGE that J.S. would reduce one of the Client's pending DUI cases in exchange for a bribe in the form of a $10,000 discount on the purchase of a tractor and accessories, or J.S. would reduce both of the Client's pending DUI cases in exchange for a bribe in the form of a $20,000 discount on the purchase of a tractor and accessories.

    d. In or around September 2017, PAGE relayed to the Client J.S.'s offer to receive a bribe from the Client.

    e. In or around September 2017, the Client agreed to pay J.S.

a bribe in exchange for reducing both of his criminal DUI cases pending before the State Attorney's Office, specifically to provide J.S. with a $20,000 discount on a tractor and tractor accessories.

   f. In or around September 2017, PAGE told J.S. that the Client had agreed to pay J.S. a bribe in the form of a $20,000 discount on a tractor and accessories in exchange for reducing both of the Client's pending DUI charges.

   g. On or about September 20, 2017, J.S.'s wife purchased a tractor and accessories from the Client, the price of which was discounted by $20,000.

   h. On or about September 28, 2017, J.S., the Client and PAGE signed an Offer of Plea, which provided that the Client would plead no contest to the charges of reckless driving with alcohol and refusal to submit to blood alcohol test in exchange for both DUI charges being dismissed by the State Attorney's Office.

   i. On or about September 28, 2017, the Client was sentenced to 12 months' supervised probation with no incarceration.

  All in violation of 18 U.S.C. § 371.

## **FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of Count One, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

          MARIA CHAPA LOPEZ
          United States Attorney

By:   *[signature]*
      KELLY S. KARASE
      Assistant United States Attorney

By:   *[signature]*
      DAVID B. MESROBIAN
      Assistant United States Attorney

By:   *[signature]*
      FRANK TALBOT
      Assistant United States Attorney
      Chief, Jacksonville Division